# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40609
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM CRAIG WHISMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-173-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted William Craig Whisman of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and possession, receipt, and distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a), (b). Whisman challenges only his attempted-enticement conviction and related 292-month, within-Sentencing Guidelines sentence. (Accordingly, he has waived any challenge to his child-pornography convictions

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40609

and sentences.  *E.g.*, *Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).)

Whisman presents three issues; none, however, was preserved in district court.  Therefore, review of each issue is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Whisman must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*  For the following reasons, each claim fails.

Whisman first contends that there is insufficient evidence to support his attempted-enticement conviction.  (Arguably, he, in reality, challenges the underlying jury instruction, to which he did not object.  In any event, the result is the same on either basis.)

The relevant statute, 18 U.S.C. § 2422(b), proscribes "knowingly persuad[ing], induc[ing], entic[ing], or coerc[ing] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity *for which any person can be charged with a criminal offense*, or attempts to do so . . .".  18 U.S.C. § 2422(b) (emphasis added).  Whisman asserts that, properly construed, the italicized language requires the putative offense to be federal, whereas the jury was instructed to find only whether he could have been charged with an offense under Texas law.

As noted, Whisman did not preserve this sufficiency challenge in district court.  And, for there to be plain (clear or obvious) error for such a challenge, there must have been a "manifest miscarriage of justice".  *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007) (internal quotation marks and citation omitted).  Injustice will be manifest "only where the record is devoid of

evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be shocking". *United States v. Vasquez*, 766 F.3d 373, 377 (5th Cir. 2014) (internal quotation marks and citation omitted). "[S]*ome* evidence" on the disputed element "is all that is needed to affirm the conviction under [plain-error] review". *United States v. Delgado*, 672 F.3d 320, 328 n.4 (5th Cir. 2012) (emphasis in original).

Whisman cites no authority from this, or any other, circuit interpreting § 2422(b) to require the putative offense be federal in nature. A "lack of binding authority is often dispositive in the plain-error context". *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). To the contrary, our court has expressly noted § 2422(b) may be satisfied by evidence that defendant attempted to engage in conduct for which "he could have been charged with a criminal offense under Texas law". *United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014). Similarly, our court has consistently affirmed the sufficiency of the evidence supporting § 2422(b) convictions where defendant's putative conduct was chargeable under state law. *See, e.g., United States v. Howard*, 766 F.3d 414, 415 n.1 (5th Cir. 2014); *United States v. Lundy*, 676 F.3d 444, 448–49 (5th Cir. 2012); *Broussard*, 669 F.3d at 546–51.

Consequently, Whisman does not demonstrate the requisite clear or obvious error regarding the district court's interpretation of § 2422(b). Furthermore, he does not contest the evidence that his putative conduct would be chargeable under Texas law, or that the Government's evidence to that end was so tenuous as to render his resulting conviction shocking. *See Vasquez*, 766 F.3d at 377; *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). Whisman fails to show his § 2422(b) conviction is manifestly unjust. *See Phillips*, 477 F.3d at 219. Therefore, there was no clear or obvious error.

Whisman next asserts the court erred by failing to instruct jurors they must unanimously agree on which Texas offense—aggravated sexual assault or indecency with a child—he could have been charged, based on his putative conduct.  As noted, because he did not object in district court to the jury instruction, review of this issue is also for plain error.  *E.g.*, *Broussard*, 669 F.3d at 546.

Whisman cites no binding precedent requiring the unanimity instruction urged by him to be given in a prosecution under § 2422(b).  *See Gonzalez*, 792 F.3d at 538.  Therefore, as discussed *supra*, he cannot show the requisite clear or obvious error.  *See Puckett*, 556 U.S. at 135.

Finally, Whisman contends the court erroneously applied a two-level sentence enhancement under Guideline § 2G1.3(b)(3)(B) (using computer or interactive computer service to facilitate offense) because subsection (B) applies only when defendant induces a third party to engage in sexual acts with a minor.  Again, review is only for plain error.

As discussed *infra*, there was plain error in applying subsection (B).  *See United States v. Pringler*, 765 F.3d 445, 452–53 (5th Cir. 2014).  But, Whisman fails to show the error affected his substantial rights because, insofar as he used a computer or interactive computer service to facilitate *his own* sexual encounter with the victim, he was subject to an identical, two-level enhancement under Guideline § 2G1.3(b)(3)(A) (using computer to persuade minor to engage in prohibited sexual conduct).  *See Puckett*, 556 U.S. at 135. By his own admission, Whisman electronically contacted the undercover agent—posing as both the minor and father of the minor—"so that [Whisman] could engage in sexual activity with the minor".  Subsection (b)(3)(A) applies when defendant communicates "directly with a minor or with a person who exercises custody, care, or supervisory control of the minor".  U.S.S.G. § 2G1.3

app. n.4.  Had Whisman "objected to the [presentence investigation report (PSR)] on this ground, the probation officer could have merely revised the PSR to cite the proper subsection".  *United States v. Lay*, 583 F.3d 436, 448 n.3 (6th Cir. 2009).

Further, at sentencing, the court found:    "[T]he [G]uideline[s] calculations announced at the sentencing hearing to be correct, [but] to the extent they were incorrectly calculated, the [c]ourt would have imposed the same sentence without regard to the applicable [G]uideline[s] range, in [the] light of the [sentencing] factors set forth in [18 U.S.C. § 3553(a)]".

In short, Whisman has not shown a reasonable probability that, but for the district court's error, he would have received the requisite lesser sentence.  *See United States v. Davis*, 602 F.3d 643, 650 (5th Cir. 2010).

AFFIRMED.